| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)MIDDLEBROOKS SHAPIRO, P.C.**<br>841 Mountain Avenue, First Floor<br>Springfield, New Jersey 07081<br>(973) 218-6877<br>Melinda D. Middlebrooks, Esq.<br>*middlebrooks@middlebrooksshapiro.com*<br>Attorneys for Plaintiff Pizzazz Fashion Inc. | |
| In re:<br><br>**LAURA CANTOR, INC.**,<br><br>Subchapter V Chapter 11 debtor. | Case No. 22-10406-VFP<br><br>Chapter 11 (Subchapter V)<br><br>Honorable Vincent F. Papalia |
| **PIZZAZZ FASHION INC.**,<br><br>    Plaintiff,<br><br>v.<br><br>**LAURA CANTOR, INC.** and<br>**LAURA CANTOR**, **Individually**,<br><br>    Defendants. | Adv. Proc. No. 22-_____ -VFP |

**VERIFIED COMPLAINT FILED ON BEHALF OF PIZZAZZ FASHION INC.
IN SUPPORT OF ORDER TO SHOW CAUSE FOR A TEMPORARY
INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS
LAURA CANTOR, INC. AND LAURA CANTOR, INDIVIDUALLY, PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 7001 AND 7065 AND
11 U.S.C. § 105(a) AND FOR RELATED RELIEF**

1

Plaintiff Pizzazz Fashion Inc. ("Plaintiff") by way of Verified Complaint against Defendant Laura Cantor, Inc. ("Debtor") and Defendant Laura Cantor, individually ("Cantor") (collectively "Defendants") by and through counsel, Middlebrooks Shapiro, P.C., hereby states:

## THE PARTIES

1. Plaintiff is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 3104 The Plaza, Tenafly, New Jersey 07670 and one-hundred percent (100%) owned by Gaurav Aggarwal ("Aggarwal") who is the Incorporator, member of the Board of Directors and Registered Agent for Plaintiff.

2. Debtor is a corporation organized under the laws of the State of New Jersey with its principal place of business at 175 Fair Street, Suite 4, Palisades Park, New Jersey 07650 having caused a bare bones Petition commencing the above-captioned Subchapter V Chapter 11 case to be filed on January 18, 2022 (the "Petition Date").

3. Cantor is an individual residing at 318 Russell Avenue, Edgewater, New Jersey 07020.

## JURISDICTION AND VENUE

4. This an adversary proceeding is filed on behalf of Plaintiff pursuant to Federal Rules of Bankruptcy Procedure 7001(1) and (9) and includes, but is not limited to, 11 U.S.C. § 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), as well as 28 U.S.C. § 2201(a) of the United States Code.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a), 1334(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a) and (o).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## NATURE OF ACTION

8. Plaintiff seeks legal and equitable relief for: Count I: (Breach of Contract – Withholding of Plaintiff's Revenues); Count II: (Breach of Fiduciary Duty – Shopify); Count III: (Breach of Fiduciary Duty- Business Accounts/Passwords); Count IV (Tortious Interference With Economic Advantage –Pizzazz Fashion, Inc.; Count V: (Unjust Enrichment); Count VI: (Common Law Fraud Against Cantor); Count VII (Tortious Interference With Economic Advantage – Sonja by Sonja Morgan); and Count VIII: (Negligence).

## FACTUAL BACKGROUND

9. Plaintiff had several predecessor entities dating back to January 1, 2015.

10. Aggarwal and Cantor were involved in a dating relationship from approximately 2011 to 2021.

11. During this dating relationship, Cantor and Aggarwal entered into a business relationship that involved the following companies, goods, chattel, and/or inventory: Pizzazz Fashion Inc. (Plaintiff); Ivyapaar[1]; SwipeSocial[2]; Laura Cantor, Inc. (Debtor)[3]; Everyday Luxury Brands, Inc.[4] ("Everyday"); House of Fashion[5]; and various online businesses owned and/or licensed by Plaintiff, and FREETE goods, chattel and/or inventory.

---

[1] Ivyapaar is owned one hundred percent (100%) by Aggarwal.
[2] SwipeSocial is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 175 Fair Street, Palisades Park, New Jersey. Aggarwal created and founded SwipeSocial and currently serves as the Chairman of SwipeSocial's Board of Directors. SwipeSocial is co-owned equally (50/50) by Aggarwal and Cantor.
[3] Cantor is the one hundred percent (100%) owner of the Debtor.
[4] Licensor Everyday Luxury Brands Inc. ("Everyday Luxury") is owned fifty percent (50%) by Aggarwal and fifty percent (50%) by Sonja Morgan. Aggarwal is the Chairman of the Board of Everyday Luxury. Everyday Luxury is the owner of the trademark for various online businesses.
[5] Neither the Debtor nor Laura Cantor hold any interest in House of Fashion.

3

12. Aggarwal is the Chief Executive Officer of various online businesses owned and/or licensed by Plaintiff.

13. Cantor is the Custodian and/or Agent of various online businesses owned and/or licensed by Plaintiff.

14. Debtor is the Custodial and/or Agent for Plaintiff and had pre-petition control of Plaintiff's financial accounts, including, but not limited to, Plaintiff's Shopify account.

15. Cantor has no ownership, interest or role in Everyday Luxury.

16. Plaintiff is a full-service clothing business that operates both as a retailer and wholesaler and enjoys a significant online presence.

17. Through a license granted by Licensor Everyday Luxury Brands Inc. Plaintiff is the Licensee of the brand *Sonja by Sonja Morgan* and *Sonjamorgannewyork* which operates online as a retail and wholesaler of fashion and accessories.

18. Neither the Debtor nor Cantor hold any ownership interest, title or other rights associated with Plaintiff.

19. Upon information and belief, Cantor has unilaterally and fraudulently withdrawn funds from the various online businesses owned and/or licensed by Plaintiff for her own personal use or diverted the funds to the Debtor.

20. Cantor began working as Aggarwal's personal secretary in or about September of 2013.

21. While working as Aggarwal's personal secretary between in or about 2013 and 2014, Cantor took several graphic design courses and classes at New York University, Fashion Institute of Technology and the Shillington School of Graphic Design.

22. Upon information and belief, Cantor was hired by www.k-deer.com in or about December 2017.

Document Ref: BUBYJ-Y59UG-UWTZ4-OGZYQ    Page 4 of 12

23. Upon information and belief, Cantor subsequently quit her job at www.k-deer.com and in or about 2018 began working as a graphic designer for Aggarwal's businesses.

24. Upon information and belief, Cantor linked and/or transferred Aggarwal's online domain names to herself and/or to the Debtor.

25. Aggarwal has been at at-will employee of the Debtor since in or about March of 2018.

26. Aggarwal was compensated the sum of $4,000.00 on a biweekly basis from the Debtor.

27. Pursuant to a Consent Order entered into by and between Aggarwal and Cantor, the Debtor could withdraw the sum of $150.00 per week from Aggarwal's compensation from the Debtor for childcare services.

28. Upon information and belief, the Debtor, at the direction of Cantor, has unilaterally, improperly and unlawfully withdrawn funds in excel of $850.00 per week from Aggarawal's compensation.

**Plaintiff's Online Businesses**

29. The Debtor is the Custodian and/or Agent of various online businesses owned and/or licensed by Plaintiff.

30. As Custodian and/or Agent, the Debtor collects a five percent (5%) commission from all net sales made through Plaintiff's licensed websites.

31. The remaining revenue generated from net sales from the various online business sales is required to be paid to the owners and/or licensor Plaintiff.

32. Upon information and belief, Debtor issued one (1) payment in the amount of $60,000.00 to Plaintiff in or about June of 2021.

**33.** Upon information and belief, Debtor has unilaterally and fraudulently collected the remainder of all net sales from the various online businesses and wrongfully failed to turnover and diverted the balance of funds owed to Plaintiff.

<u>**Count I**</u>
<u>**(Breach of Contract – Withholding Plaintiff's Revenues)**</u>

34. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶33 of the Verified Complaint as if same were set forth herein at length.

35. Plaintiff entered into a contract (the "Contract") with Debtor wherein the Debtor agreed to collect a five percent (5%) commission from all net sales made through Plaintiff's licensed websites and turnover the balance (ninety-five percent (95%)) to Plaintiff.

36. Debtor substantially and materially breached the Contract by failing to reimburse and/or diverting Plaintiff's ninety-five percent (95%) of the total revenue from all net sales made through Plaintiff's licensed websites.

37. As the sole owner of the Debtor, Cantor knowingly directed and/or prevented the Debtor from making payment of Plaintiff's funds diverting and fraudulently transferring Plaintiff's funds to the Debtor and/or Cantor.

38. As a direct and proximate result of Debtor's and/or Cantor's breach of the Contract, Plaintiff has and will continue to suffer damages in an amount no less than approximately $500,000.00 (with discovery revealing the exact sum to be awarded Plaintiff).

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

## Count II
## (Breach of Fiduciary Duty - Shopify)

39. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶38 of the Verified Complaint as if same were set forth herein at length.

40. The Debtor is the Custodian and/or Agent of Plaintiff and, as a result, has exclusive access to Plaintiff's financial accounts, including, but not limited to, Plaintiff's Shopify Account (the "Shopify Account").

41. As a Custodian and/or Agent of Plaintiff, the Debtor owes a fiduciary duty to Plaintiff.

42. The Debtor breached its fiduciary duty by fraudulently transferring and/or withholding monies and funds belonging to Plaintiff.

43. As a result, Plaintiff seeks entry of a temporary restraining order for equitable relief including, but not limited to, a full and complete accounting and turnover of Plaintiff's monies generated through Plaintiff's Shopify Account and funds withheld and/or fraudulently transferred by the Debtor under Cantor's directive; for any and all financial information including, but not limited to, financial account information, passwords and related financial data for Plaintiff's Shopify Account.

44. As a direct and proximate result of the Debtor's breach, Plaintiff has suffered and will continue to suffer damages in an amount no less than approximately $500,000.00 (with discovery revealing the exact sum to be awarded Plaintiff).

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

## Count III
### (Breach of Fiduciary Duty- Business Accounts/Passwords)

45. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶44 of the Verified Complaint as if same were set forth herein at length.

46. Plaintiff sought to enter into contracts with multiple companies and/or individuals in furtherance of its business objectives.

47. Defendants intentionally interfered with those contractual relations by, *inter alia*, locking Plaintiff out of all business accounts and changing passwords to prevent Plaintiff from accessing financial statements and other account information.

48. Defendants' willful interference with these contractual relationships led to, or would have reasonably led to, the loss of the prospective gain from these contracts.

49. As a direct and proximate result of Defendants' intentional interference with these contractual relationships, Plaintiff has and will continue to suffer damages.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

## Count IV
### (Tortious Interference With Economic Advantage – Pizzazz Fashion, Inc.)

50. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶49 of the Verified Complaint as if same were set forth herein at length.

51. Plaintiff had a reasonable expectation of economic advantage.

52. Defendants intentionally interfered with Plaintiff's anticipated economic advantage by, *inter alia*, improperly taking control of Plaintiff's inventory, passwords, domain names and business records.

Document Ref: BUBYJ-Y59UG-UWTZ4-OGZYQ    Page 8 of 12

53. Defendants' willful interference was without justification or excuse.

54. But for Defendants' interference with Plaintiff's anticipated economic advantage, Plaintiff would have obtained the anticipated economic advantage.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

## Count V
### (Unjust Enrichment)

55. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶54 of the Verified Complaint as if same were set forth herein at length.

56. Plaintiff paid Defendants funds for legitimate business purposes with said funds being misappropriated and/or improperly used to pay the Debtor's business debt or Cantor's personal expenses.

57. Defendants took funds and goods from Plaintiff and failed to compensate Plaintiff for those benefits.

58. Plaintiff demanded Defendants return the misappropriated funds and chattel.

59. Defendants refused to return the misappropriated funds and chattel.

60. As a result of Defendants' refusal to return the misappropriated funds and chattel, Defendants have been unjustly enriched to Plaintiff's detriment.

61. Equity fairness and good faith require Defendants to reimburse Plaintiff for all payments, funds and chattel taken from Plaintiff.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

Document Ref: BUBYJ-Y59UG-UWTZ4-OGZYQ     Page 9 of 12

## Count VI
### (Common Law Fraud Against Cantor)

62. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶61 of the Verified Complaint as if same were set forth herein at length.

63. As Custodian and/or Agent, Cantor was in charge of Plaintiff's account and financial information relating to its business operations.

64. Plaintiff reasonably relied on Cantor's ability to perform her job duties and responsibilities.

65. Cantor accepted these duties and responsibilities knowing that she would not perform them in accordance with the Contract with Plaintiff.

66. Cantor agreed to collect a five percent (5%) commission from net sales made through Plaintiff's business operations, including, but not limited to Plaintiff's licensed websites, and, in turn, turnover the balance (ninety-five percent (95%)) to Plaintiff.

67. Plaintiff reasonably relied on Cantor's misrepresentations that she would turnover the balance (ninety-five percent (95%)) to Plaintiff.

68. Cantor has failed, refused and continues to refuse to turnover to Plaintiff its ninety-five percent (95%) of revenues.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

Document Ref: BUBYJ-Y59UG-UWTZ4-OGZYQ    Page 10 of 12

### Count VII
### (Tortious Interference With Economic Advantage – Sonja by Sonja Morgan)

69. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶67 of the Verified Complaint as if same were set forth herein at length

70. Defendants have published an alleged interest in business property, specifically, a d/b/a Sonja by Sonya Morgan as belonging to the Debtor.

71. Defendants have no interest in the Sonja by Sonja Morgan brand.

72. Plaintiff has a reasonable expectation of economic advantage in this business property.

73. Defendants intentionally interfered with Plaintiff's anticipated economic advantage by, *inter alia*, improperly listing Sonja by Sonya Morgan as a d/b/a of the Debtor.

74. Defendants' willful interference was without justification or excuse.

75. But for Defendants' interference with Plaintiff's anticipated economic advantage, Plaintiff would have obtained the anticipated economic advantage.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

### Count VIII
### (Negligence)

76. Plaintiff repeats, restates and realleges the allegations contained in ¶1 through ¶74 of the Verified Complaint as if same were set forth herein at length.

77. Defendants had a duty to Plaintiff to act reasonably when operating, managing, or performing their respective duties related to Plaintiff's business.

78. Defendants breached the duty and failed to exercise the degree of care which a personal of ordinary prudence would exercise under similar circumstances.

79. As a result of Defendants' negligence, Plaintiff has suffered damages and will continue to suffer damages.

**WHEREFORE**, Plaintiff demand Judgment against Defendants, jointly and severally, for compensatory, incidental, and consequential damages, attorney's fees and costs, interest and for such other and further relief as the Court may be deem just and proper.

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
Attorneys for Plaintiff Pizzazz Fashion Inc.

/s/   Melinda Middlebrooks
By:  Melinda D. Middlebrooks, Esq.

Dated: January 26, 2022

## VERIFICATION

**GAURAV AGGARWAL**, of legal age, hereby verifies that:

1. I am the one hundred percent (100%) owner, Incorporator, Member of the Board of Directors and Registered Agent for Plaintiff Pizzazz Fashion Inc.

2. I have read the factual background and allegations contained in this Verified Complaint.

3. The factual background and allegations contained in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

4. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

*Gaurava Aggarwal*
Gaurav Aggarwal

Dated:  01 / 27 / 2022

# Signature Certificate

Reference number: BUBYJ-Y59UG-UWTZ4-OGZYQ

| Signer | Timestamp | Signature |
|---|---|---|
| **Gaurava Aggarwal**<br>Email: gaurava@cbagroupusa.com<br><br>Shared via link<br><br>Sent:<br>Viewed:<br>Signed: | <br><br><br><br><br>27 Jan 2022 15:46:22 UTC<br>27 Jan 2022 16:00:03 UTC<br>27 Jan 2022 16:01:02 UTC | *Gaurava Aggarwal*<br><br>IP address: 24.46.147.34<br>Location: Tenafly, United States |

Document completed by all parties on:
27 Jan 2022 16:01:02 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 30,000+ companies worldwide.

