UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
Melinda D. Middlebrooks, Esq.
*middlebrooks@middlebrooksshapiro.com*
Attorneys for Plaintiff Pizzazz Fashion Inc.

| | |
|---|---|
| In re:<br><br>**LAURA CANTOR, INC.**,<br><br>Subchapter V Chapter 11 debtor. | Case No. 22-10406-VFP<br><br>Chapter 11 (Subchapter V)<br><br>Honorable Vincent F. Papalia |
| **PIZZAZZ FASHION INC.**,<br><br>     Plaintiff,<br><br>v.<br><br>**LAURA CANTOR, INC. and LAURA CANTOR**, **Individually**,<br><br>     Defendants. | Adv. Proc. No. 22-_____ -VFP |

**CERTIFICATION OF GAURAV AGGARWAL IN SUPPORT OF ENTRY
OF ORDER TO SHOW CAUSE AND IN SUPPORT OF VERIFIED
COMPLAINT FILED ON BEHALF OF PIZZAZZ FASHION INC.
FOR A TEMPORARY INJUNCTION AND OTHER EQUITABLE RELIEF
AGAINST DEFENDANTS LAURA CANTOR, INC. AND LAURA CANTOR,
INDIVIDUALLY, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
7001 AND 7065 AND 11 U.S.C. § 105(a) AND FOR RELATED RELIEF**

I, **GAURAV AGGARWAL**, of legal age, hereby certify and say:

1

1.  I am the one hundred percent (100%) owner, Incorporator, Member of the Board of Directors and Registered Agent for Plaintiff Pizzazz Fashion Inc. ("Plaintiff" or "my business").

2.  I am also the Chief Executive Officer of various online businesses owned and/or licensed by Plaintiff.

3.  I have personal knowledge of and certify to the facts set forth in this Certification I submit in support of Plaintiff's Order to Show Cause and in further support of its Verified Complaint filed in the above-captioned adversary proceeding.

**Background**

4.  Plaintiff is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 3104 The Plaza, Tenafly, New Jersey 07670.

5.  Plaintiff had several predecessor entities dating back to January 1, 2015 and is currently a full-service clothing business that operates both as a retailer and wholesaler and enjoys a significant online presence.

6.  As Your Honor is aware, Laura Cantor ("Cantor") is the President of Defendant Laura Cantor, Inc., the above-captioned debtor ("Debtor") (collectively "Defendants").

7.  Cantor and I were involved in a dating relationship from approximately 2011 to 2021.

8.  Cantor began working as my personal secretary in or about September of 2013.

9.  While working as my personal secretary between in or about 2013 and 2014, Cantor took several graphic design courses and classes at New York University, Fashion Institute of Technology and the Shillington School of Graphic Design.

10.  It is my belief and understanding that Cantor was hired by www.k-deer.com in or about December 2017.

Document Ref: RRQAW-WA4HX-4TBSG-BKVZE

11.     It is also my belief and understanding that Cantor subsequently quit her job at www.k-deer.com.  In or about 2018, Cantor began working as a graphic designer for my businesses.

12.     During my dating relationship with Cantor, we entered into a business relationship that involved the following companies, goods and inventory: Plaintiff; Ivyapaar[1]; SwipeSocial[2]; Defendant[3]; Everyday Luxury Brands, Inc.[4] ("Everyday"); House of Fashion[5]; and various online businesses owned and/or licensed by my business, and FREETE goods and inventory.

*Sonja by Sonja Morgan*

13.     **By virtue of a license granted by Licensor Everyday Luxury Brands, Inc. solely to Pizzazz Fashion, Inc.**, my business is the Licensee of the brand *Sonja by Sonja Morgan* and *Sonjamorgannewyork* which operates online as a retail and wholesaler of fashion and accessories.

14.     Neither the Debtor nor Cantor hold any ownership interest, title or other rights associated with my business, the Plaintiff.  Cantor has no ownership, interest or role in Everyday Luxury Brands, Inc. and, therefore, has no license to the *Sonja by Sonja Morgan* and *Sonjamorgannewyork* brand.  Neither Cantor nor Debtor have any rights to use the tradename and brand *Sonja by Sonja Morgan*.

15.     The Petition commencing this Chapter 11 case wrongfully reflects the Debtor ad having a valid d/b/a of *Sonja by Sonja Morgan*.

---

[1] Ivyapaar is owned one hundred percent (100%) by me.
[2] SwipeSocial is a corporation organized under the laws of the State of New Jersey with a principal place of business located at 175 Fair Street, Palisades Park, New Jersey. I created and founded SwipeSocial and currently serve as the Chairman of SwipeSocial's Board of Directors. SwipeSocial is co-owned equally (50/50) by Cantor and me.
[3] Cantor is the one hundred percent (100%) owner of the Debtor.
[4] Licensor Everyday Luxury Brands Inc. ("Everyday Luxury") is owned fifty percent (50%) by me and fifty percent (50%) by Sonja Morgan.  I am the Chairman of the Board of Everyday Luxury. Everyday Luxury is the owner of the trademark for various online businesses.
[5] Neither the Debtor nor Cantor hold any interest in House of Fashion.

3

16.     By Cantor and the Debtor wrongfully placing and identifying *Sonja by Sonja Morgan* on Debtor's Chapter 11 Petition as a d/b/a, Debtor and Cantor have willfully and intentionally interfered with my business' economic advantage and potentially harmed the brand.

**My Employment by the Debtor**

17.     I have been at at-will employee of the Debtor since in or about March of 2018 and was compensated the sum of $4,000.00 on a biweekly basis from the Debtor.

18.     Pursuant to a Consent Order entered into by and between Cantor and me, the Debtor could withdraw the sum of $150.00 per week from my compensation from the Debtor for childcare services.

19.     It is also my belief and understanding that the Debtor, at the direction of Cantor, has unilaterally, improperly and has unlawfully withdrawn funds in excel of $850.00 per week from my compensation.

**Debtor's or Cantor's Diversion of Funds**

20.     It is my belief and understanding that Cantor has unilaterally and fraudulently withdrawn funds from the various online businesses owned or licensed by Plaintiff for her own personal use or diverted the funds to the Debtor.

21.     The Debtor is the Custodian or Agent of various online businesses owned or licensed by my business.

22.     Plaintiff entered into a contract (the "Contract") with Debtor wherein the Debtor agreed to collect a five percent (5%) commission from all net sales made through my business licensed websites and turnover the balance (ninety-five percent (95%)) to my business.

Document Ref: RRQAW-WA4HX-4TBSG-BKVZE

23.    Debtor substantially and materially breached the Contract by failing to reimburse and diverting Plaintiff's ninety-five percent (95%) of the total revenue from all net sales made through my business' licensed websites.

24.    As the sole owner of the Debtor, Cantor knowingly directed and prevented the Debtor from making payment of Plaintiff's funds diverting and fraudulently transferring Plaintiff's funds to the Debtor or to herself.

25.    It is my belief and understanding that Debtor issued one (1) payment in the amount of $60,000.00 to my business in or about June of 2021, however, since Debtor and Cantor have locked me out of access to the financial records, I am extrapolating the potential damages to my business by the wrongful actions of the Debtor and Cantor.

**Plaintiff's Shopify Account**

26.    Cantor is the Custodian or Agent of various online businesses owned or licensed by my business and had pre-petition control of its financial accounts including its Shopify account (the "Shopify Account").

27.    The Debtor and Cantor still have exclusive access to my business' financial accounts including its Shopify Account despite my demand for access.

28.    As a Custodian or Agent of Plaintiff, the Debtor is obligated to account for and turnover the monies, financial accounts and financial data belonging to my business from the Shopify Account.

29.    I have demanded an accounting and turnover of the funds owed to my business from the Debtor, however, Cantor and the Debtor have refused to transfer the monies and funds belonging to it.

5

30.    It is my belief and understanding that Cantor linked or transferred my online domain names or the online domain names of my businesses to her name or to the name of the Debtor.

**Business Intereference**

31.    On behalf of my business, I sought to enter into contracts with multiple companies and individuals in furtherance of its business objectives.

32.    Defendants have intentionally interfered with my business' contractual relations by locking my business out of all business accounts and changing passwords to prevent it from accessing financial statements and other account information.

33.    Defendants have willfully interfered with these contractual relationships which will lead to the loss of my business' prospective gain from these contracts and without restraints imposed by this Court against Defendants, I will continue to suffer business losses.

34.    Defendants have improperly taken control of my business' inventory, passwords, domain names and business records.

35.    Due to the Debtor's and Cantor's breach of the Contract, my business has and will continue to suffer damages in an amount no less than approximately $500,000.00 (with an accounting and discovery revealing the exact sum to be awarded to my company).

**Relief By Way of Restraints and Injunctions Needed**

36.    As a result of the foregoing, on behalf of my business, I am seeking entry of a restraining order and for equitable relief including an Order for a full and complete accounting and turnover of monies to me and my business for transactions generated through my business' Shopify Account and funds withheld and fraudulently transferred by the Debtor under Cantor's directive to my business; for any and all financial information including financial account information, passwords and related financial data for my business' Shopify Account to allow me to continue its

6

business operations without the obstruction and interference of the Debtor and Cantor; and for a full and complete accounting and turnover of monies, funds, data, account information, passwords and related information regarding Plaintiff's businesses which were in the under the agency or control of Defendants.

37. My economic interests and the economic interests of my business are being severely and irreparably harmed by Defendants and I urge Your Honor to enter the restraints and injunctions as requested in the proposed form of Order to Show Cause filed simultaneously with this Certification and the Verified Complaint.

38. I respectfully reserve the right to supplement and provide Your Honor and the Court with additional information regarding these issues in further support of Plaintiff's claims and in response to any submissions made on behalf of Defendants.

I hereby certify that the foregoing statements made by me are true to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_Gaurava Aggarwal_
_____
Gaurav Aggarwal

Dated:   01 / 27 / 2022

7

# Signature Certificate

Reference number: RRQAW-WA4HX-4TBSG-BKVZE

| Signer | Timestamp | Signature |
|---|---|---|
| **Gaurava Aggarwal**<br>Email: gaurava@cbagroupusa.com<br><br>Shared via link | | |

| | | |
|---|---|---|
| Sent: | 27 Jan 2022 15:52:35 UTC | |
| Viewed: | 27 Jan 2022 16:01:31 UTC | IP address: 24.46.147.34 |
| Signed: | 27 Jan 2022 16:02:02 UTC | Location: Tenafly, United States |

Document completed by all parties on:

27 Jan 2022 16:02:02 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature
solution trusted by 30,000+ companies worldwide.

